IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**UNITED STATES OF AMERICA,**

v.                                                    CRIMINAL NO. 4:13cr75

**GREGORY LAWRENCE TROPEA,**

**Defendant.**

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

This matter comes before the Court on Gregory Lawrence Tropea's ("Defendant") Motion to Withdraw Guilty Plea ("Motion to Withdraw"). ECF No. 50. For the reasons set forth herein, the Defendant's Motion to Withdraw is **DENIED**.

### I.  PROCEDURAL BACKGROUND

The Defendant was charged on September 9, 2013, in a 26-count Superseding Criminal Indictment, ECF No. 20, of twelve counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and fourteen counts of Making Materially False Statements to an Agent of the United States in violation of 18 U.S.C. § 1001. The Defendant moved to suppress evidence seized from his hotel room. ECF No. 16. After a hearing on the matter on October 16, 2013, the Court denied the motion to suppress. ECF No. 28.

On November 7, 2013, the Defendant pled guilty before Judge Doug Miller to three counts of receipt of child pornography and one count of making false statements to his PO. Plea Agmt., ECF No. 33. During his guilty plea colloquy before Judge Miller, the Defendant affirmed under oath that he had gone over each page of the plea agreement with his attorney, that he had initialed each page of it, and that he understood he would not be able to appeal his sentence in

1

the case. Further, Judge Miller asked both attorneys whether the Defendant's guilty plea was conditioned on his being allowed to appeal the outcome of his motion to suppress; both attorneys affirmed that there was no such condition on the plea—and this exchange occurred in the middle of Judge Miller's colloquy with the Defendant.

Prior to sentencing, the Defendant sent a letter to the Court dated January 21, 2014, ECF No. 48, that alerted the Court to the fact that, contrary to the sentencing procedures order entered by Judge Miller on November 7, 2013, ECF No. 36, his attorney, Greg Matthews, was not present when the Probation Officer interviewed the Defendant in preparation for the Presentence Report. A hearing was held on the matter on February 3, 2014, during which Mr. Matthews was relieved as Defendant's counsel and Jim Ellenson was appointed to represent him.

The instant Motion to Withdraw was filed on February 12, 2014. ECF No. 50. Only a paragraph long, it states that the Defendant mistakenly believed that his plea would permit him to appeal the denial of his suppression motion; since "[o]bviously, that is not the case," he requested to either withdraw his guilty plea or else enter a new, conditional guilty plea that would permit such an appeal. Id. On February 24, 2014, the Government responded in opposition. ECF No. 52. A hearing was held on the matter on March 3, 2014, at which time the Court ruled from the bench that the instant Motion was **DENIED**. This Opinion further lays out the Court's reasoning on the matter.

## II. LEGAL STANDARD

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a

withdrawal." United States v. Nicholson, 676 F.3d 376, 383-84 (4th Cir. 2012) (quoting United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 540 U.S. 1226 (2004)).

The Fourth Circuit reviews a district court's ruling on a Rule 11 motion to withdraw a plea of guilty for abuse of discretion. Id. at 383. "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." Id. (quoting United States v. Henry, 673 F.3d 285, 291 (4th Cir. 2012), cert. denied, 133 S. Ct. 182)).

"[A] plea of guilty is a solemn, judicial admission of the truth of the charge . . . ." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (citing Blackledge v. Allison, 431 U.S. 63 (1977)). As such, "statements . . . that facially demonstrate the validity of . . . [a defendant's] plea are conclusive unless . . . [a defendant] presents reasons why this should not be so." Id. (citing Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)).

As the Fourth Circuit explained in United States v. Nicholson,

> "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Bowman, 348 F.3d at 414. "Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Id. (quotation marks omitted). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge. Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Id. (quotation marks and alterations omitted). Indeed, it "raise[s] a strong presumption that the plea is final and binding." Id. (quotation marks omitted).

676 F.3d at 384.

In addition to whether the plea is counseled and voluntary, "a court may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and just reason." Id. (quoting Bowman, 348 F.3d at 414). Amongst other things, a court may consider:

3

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), cert. denied, 502 U.S. 857)).

### III. DISCUSSION

The Court in this case does not find that the Defendant has been able to make the requisite showing of "a fair and just reason" to withdraw his plea of guilty, as required by Federal Rule of Criminal Procedure 11(d)(2)(B). The Nicholson factors weigh strongly against allowing the Defendant to withdraw his plea of guilty. The Defendant asks the Court to believe his testimony at the March 3, 2014, hearing that everything he said under oath at his November 7, 2013, guilty plea colloquy was false. This the Court cannot do.

The first Nicholson factor concerns whether a defendant can offer credible evidence that his prior guilty plea was not knowing or not voluntary. There is no question that the Defendant's plea in this case was counseled and voluntary. In his plea colloquy, the Defendant affirmed under oath that his attorney had gone over the plea with him, that he understood it, that he was making the plea voluntarily, that he had initialed every page of the plea agreement, and he acknowledged all of his rights as they were explained to him. At the March 3, 2014, hearing on the Motion to Withdraw, the Defendant claimed under oath that he had not in fact read the entire plea agreement, that he did not understand it, and that he had been manipulated into signing it. The Defendant could not produce any evidence that any of that was true beyond his own testimony. He also had no explanation for why he couldn't understand Judge Miller's question to the lawyers present about whether the guilty plea was conditioned on him being allowed to appeal

the suppression motion (which both attorneys answered in the negative). The Court **FINDS** the Defendant's claims that he misunderstood his plea agreement entirely incredible.

Other Nicholson factors also weigh against the Defendant. He never purported to assert his legal innocence. The Court **FINDS** that although he did not appear at the Defendant's presentence report interview with the Probation Officer, Defendant's original counsel performed very competently in arguing the suppression motion and obtained a good plea agreement for the Defendant. The Court further **FINDS** that withdrawal would likely prejudice the Government, and would certainly inconvenience the Court and waste judicial resources. Allowing the Defendant to appeal his suppression motion now—an appeal which under prevailing law would with virtual certainty be dismissed—would force the Government to re-litigate settled matters and waste the time of this Court and the Court of Appeals.

In fact, the Court finds the only Nicholson factor that does not clearly weigh against the Defendant is whether there was a delay between entering the plea and the filing of the instant Motion to Withdraw. The instant Motion to Withdraw was filed over three months after the Defendant pled guilty, but this is mitigated by the fact that it was filed only just more than a week after new counsel was appointed in the case. The change of attorneys could plausibly constitute a valid reason for the overall lengthy delay, and thus the Court **FINDS** that this Nicholson factor is neutral in this case.

Weighing all of the facts presented in this case, the Court **FINDS** that the Defendant has failed to show "a fair and just reason" to justify a withdrawal of his plea of guilty. The only evidence the Defendant has brought forward is his own testimony, consisting of conclusory allegations that directly contradict the record in the case.

### IV. CONCLUSION

Because the Defendant has not shown "a fair and just reason" to justify a withdrawal of

5

his plea of guilty," as required by Federal Rule of Criminal Procedure 11(d)(2)(B), his Motion to Withdraw Guilty Plea is **DENIED**. ECF No. 50.

    The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

                                      /s/
                              Robert G. Doumar
                              Senior United States District Judge

                              UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 6, 2014